```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

```
HANI ABUHAMRA,
                                         No. 1:14-CV-00663 (MAT)
                    Petitioner,          DECISION AND ORDER
         -vs-

MICHAEL GRAZIANO, as
Superintendent of the Collins
Correctional Facility, and

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION,

                    Respondents.
```
___

## I. Introduction

Represented by counsel, Hani Abuhamra ("petitioner"), petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered December 14, 2009, in New York State Supreme Court, Erie County (Franczyk, J.), following a jury verdict convicting him of two counts of assault in the second degree (N.Y. Penal Law § 120.05(1) and (2)), one count of unlawful imprisonment in the second degree (N.Y. Penal Law § 135.05), and one count of criminal contempt in the first degree (N.Y. Penal Law § 215.51). Petitioner was sentenced to an aggregate definite prison term of six and one-half years with three years post-release supervision.

## II. Factual Background and Procedural History

Petitioner initially pled guilty to the top count of his indictment, assault in the second degree. Petitioner withdrew his

guilty plea on June 16, 2009, after Supreme Court Justice Michael Pietruszka informed the parties that he would not be able to honor the sentencing commitment,[1] and thereafter recused himself, at which point Justice Thomas Franczyk took over petitioner's case.

A jury convicted petitioner of assaulting his then-girlfriend, Marwa Soliman, and violating an order of protection in favor of Soliman against petitioner. At the time, Soliman was an Egyptian citizen and was not a citizen of the United States. Petitioner was charged with assaulting Soliman by hitting her and by striking her with a light bulb; restraining her against her will; and violating an existing order of protection by making repeated telephone calls to Soliman. The theory of petitioner's defense was that Soliman fabricated the story in order to obtain a U Visa, an immigration status reserved for victims of certain enumerated crimes. Petitioner testified in his own defense, denying that he had committed the crimes charged. However, on cross-examination, the prosecution confronted petitioner with evidence of recorded conversations in which petitioner had admitted causing injuries to Soliman.

Petitioner filed a counseled direct appeal of his judgment of conviction to the New York State Supreme Court, Appellate Division, Fourth Department, arguing, inter alia, that he received

---

[1] Judge Pietruszka stated that, upon reviewing the PSI, it appeared that he had made his original sentence commitment based on incorrect information. See Appendix to State Court Record ("App'x") (filed manually with the Court on December 31, 2014), Exh. B.

ineffective assistance of counsel due to (1) counsel's failure to adequately prepare the case and speak with petitioner before trial; failure to meaningfully communicate with petitioner with respect to a plea offer; (2) failure to adequately investigate the case and allowing misleading testimony to be offered by the prosecution at trial; (3) failing to adequately prepare petitioner for his testimony; and (4) failure to call expert or any other witnesses to authenticate documents. On June 28, 2013, the Fourth Department unanimously affirmed his conviction, but modified his sentence. See People v. Abuhamra, 107 A.D.3d 1630, 1630 (2013), lv. denied, 22 N.Y.3d 1038. The Fourth Department rejected petitioner's ineffective assistance claims, finding that he "failed to establish the lack of a strategic basis for any of the alleged deficiencies." Id. at 1631.

Petitioner filed a CPL § 440.10 motion, arguing that trial counsel was ineffective for (1) failure to introduce into evidence a letter from the prosecutor to Soliman's immigration attorney which established that she was applying for a U visa; (2) failure to call certain available witnesses who would have contradicted Soliman's testimony or corroborated petitioner's claim that she fabricated the assault in order to secure a U Visa; (3) failure to confront Soliman with her testimony from a civil deposition in which she testified to pre-existing injuries unrelated to defendant's conduct; and (4) failure to properly discuss a plea

offer with him. Petitioner's § 440.10 motion was denied by the trial court on June 5, 2012. The Fourth Department unanimously affirmed the trial court's denial of petitioner's § 440.10 motion. See People v. Abuhamra, 107 A.D.3d 1632 (2013), lv. denied, 22 N.Y.3d 1038.

The instant counseled petition argues that (1) trial counsel was ineffective for (a) failure to investigate and call various witnesses allegedly necessary to the defense theory; (b) failure to introduce into evidence a letter from the prosecutor to Soliman's immigration attorney which established that she was applying for a U visa and failed to call Soliman's immigration lawyer; (c) failure to cross examine Soliman with regard to her prior civil deposition testimony which involved unrelated preexisting injuries; and (d) failure to prepare petitioner for cross-examination regarding recordings containing inculpatory statements; and (2) the prosecution improperly withheld Brady material consisting of Soliman's U Visa application and medical bills from Soliman's insurance company denying coverage due to a preexisting condition. Petitioner also requests an evidentiary hearing "to the extent this Court determines the state court record is incomplete." Doc. 1 at 2.

**III. Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions

4

under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Super. Ct. for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

**IV.  Petitioner's Request for Evidentiary Hearing**

Petitioner requests an evidentiary hearing "to the extent this Court determines the state court record is incomplete." Doc. 1 at 2. A petitioner is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise". Boyland v. Artus, 2016 WL 4718196, *6 n.12 (W.D.N.Y. Sept. 8, 2016) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (2008). Good cause exists when petitioner's specific allegations provide "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief". Id. at 908-09 (internal quotation marks omitted).

Petitioner has not identified any specific gap in the record warranting an evidentiary hearing. The Court notes, however, that the Record of Appeal ("ROA") in petitioner's state court case, which was manually filed with this Court by defendant, appears to be missing some 108 pages. The ROA's table of contents indicates that the last two entries consist of transcripts of the final two days of trial. It appears that the record is missing approximately 21 pages from its penultimate entry; the trial transcript cuts off at a point near the end of petitioner's testimony. The transcript of the final day of trial (an 87-page volume), when the verdict was delivered, is also missing.

At the time the petition was filed, respondent had not yet manually filed the state court record; thus, the gap in the record did not yet exist. Petitioner has not since alleged that the gap is significant and it is apparent that petitioner had the benefit of the full record before him when preparing his petition. The contents of the missing transcript, moreover, are not in dispute, and the Court finds that it is able to fully consider petitioner's and defendant's arguments without consulting the missing pages. Petitioner has not made specific allegations which provide "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]" Boyland, 2016 WL 4718196, at *6 n.12 (quoting Bracy, 520

U.S. at 908-09). Accordingly, the Court denies petitioner's request for an evidentiary hearing.

To the extent that petitioner requests an evidentiary hearing as to other matters underlying his petition, this request is similarly denied because, for the reasons discussed below, the petition is dismissed in its entirety. See, e.g., Harris v. Yelich, 2016 WL 7805742, *5 (W.D.N.Y. Sept. 7, 2016), report and recommendation adopted, 2017 WL 168005 (W.D.N.Y. Jan. 17, 2017).

**V.    Grounds Asserted in the Petition**

    **A.    Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, a defendant first must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and second, that "there is a reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687, 695 (1984). Under Strickland, the Court is required to consider alleged errors by counsel "in the aggregate." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001). Where a state court has denied a claim of ineffectiveness based on a state law standard, a petitioner "must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its

independent judgment, the state-court decision applied <u>Strickland</u> incorrectly." <u>Bell v. Cone</u>, 535 U.S. 685, 698-99 (2002). Rather, petitioner must show that the state court "applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Id.</u> at 699.

### 1. Failure to Investigate and Call Witnesses

Petitioner argues that trial counsel was ineffective for failure to investigate and call various witnesses, in relation to the contempt charge and the assault charges. As acknowledged in petitioner's brief, he raised these claims in his § 440.10 motion. The trial court denied the claims, and the Fourth Department affirmed. Petitioner sought leave to appeal to the New York State Court of Appeals on the limited issue of whether the trial court erred in finding that defendant must submit a statement from trial counsel to overcome the presumption that he received effective assistance of counsel. See App'x, Exh. C. Accordingly, this claim is procedurally defaulted from review. See <u>Galdamez v. Keane</u>, 394 F.3d 68, 74 (2d Cir. 2005) (noting that a habeas petitioner who fails to apply to the New York Court of Appeals for leave to review procedurally defaults on his habeas claim); <u>Burgos-Santos v. Greene</u>, 2009 WL 1916381, *2 (S.D.N.Y. July 1, 2009) ("A petitioner may be precluded from pursuing a federal habeas corpus review because of a procedural default if he failed to raise an issue in seeking leave to appeal to the New York Court of Appeals. When that

happens, petitioner is procedurally barred from habeas corpus relief.").

"[A] finding of procedural default bars habeas review of Petitioner's federal claim unless he can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." Cooley v. Superintendent, 2011 WL 2651078, *9 (W.D.N.Y. July 6, 2011). Petitioner has not alleged cause and prejudice to overcome the procedural default. Moreover, for purposes of the miscarriage-of-justice exception, he has made no factual showing that he is "'actually innocent' (meaning factually innocent) of the crime for which he was convicted." Carvajal v. Artus, 633 F.3d 95, 108 (2d Cir. 2011) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). His claim is procedurally defaulted from habeas review and dismissed on that basis.

### 2. Failure to Enter Letter Regarding U Visa Into Evidence and Failure to Call Immigration Lawyer As Witness

Petitioner contends that counsel was ineffective for failing to enter into evidence a letter which would establish Soliman's knowledge of the U Visa procedure. The record establishes that the letter, though not ultimately entered into evidence, was addressed to Soliman's immigration attorney from an Assistant District Attorney, referenced Soliman's U Visa application, and acknowledged that the ADA had reviewed and signed paperwork associated with

9

petitioner's criminal case. The paperwork was enclosed in the letter to Soliman's immigration attorney. See T. 1049-50. At trial, petitioner's counsel did not admit the letter into evidence, but requested the trial court to read pertinent sections of the legislation regarding U Visas to the jury so that they were familiar with the U Visa process. Petitioner contends that counsel's failure to enter the letter into evidence rendered counsel ineffective, and contends that counsel should have called Soliman's immigration lawyer as a witness.

Petitioner raised this contention on direct appeal. While the Fourth Department did not discuss this specific issue, it found that counsel provided meaningful representation within the meaning of New York State law. See Abuhamra, 107 A.D.3d at 1631 (citing People v Baldi, 54 N.Y.2d 137, 147 (1981)). The Second Circuit has "recognized that the New York 'meaningful representation' standard is not contrary to the Strickland standard." Rosario v. Ercole, 601 F.3d 118, 124 (2d Cir. 2010). Moreover, petitioner has not established that there is a "reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland, 466 U.S. at 695.

The theory of petitioner's defense was that Soliman alleged her injuries were caused by petitioner in order to secure a U Visa. However, the letter would not have established this defense as fact; at most, it provided evidence that Soliman's immigration

attorney was apprised of the status of petitioner's criminal case in regard to Soliman's U Visa application. It is not reasonably probable that a letter to this effect would have had any additional impact on the jury's deliberations, because the jury ultimately rejected this theory of the defense, despite other evidence at trial establishing that Soliman did in fact apply for a U Visa. Additionally, it is unclear how calling Soliman's immigration attorney as a witness would have established anything other than what was already in evidence, i.e., that the attorney assisted Soliman in applying for a U Visa. Accordingly, the Fourth Department's rejection of this argument was not contrary to, nor an unreasonable application of, applicable federal precedent.

### 3. Failure to Cross-Examine Soliman Regarding Civil Deposition Testimony

Petitioner contends that trial counsel was ineffective for failing to utilize prior civil deposition testimony to establish that Soliman had preexisting injuries unrelated to the alleged assaults. Petitioner raised this claim in his § 440.10 motion. The trial court denied the motion, noting that "counsel did reference the examination before trial in her civil suit against the defendant and got her to admit that she had been involved in a car accident in Canada and had been previously assaulted by her brother." Order dated June 5, 2012 (Franczyk, J.) (citing People v. Orr, 240 A.D.2d 213, 213 (1st Dep't 1997) (holding that ineffective assistance claim "raised no issue that could not be resolved on the

trial record"). Counsel could not have impeached Soliman with her prior consistent testimony, and therefore was not ineffective for his failure to do so.

### 4. Failure to Prepare Petitioner for Cross-Examination Regarding Recordings

Petitioner contends that counsel was ineffective for failure to prepare petitioner for his trial testimony, including failing to prepare him for cross-examination regarding recordings petitioner argues should not have been turned over by counsel prior to trial. Petitioner made this argument on direct appeal, but the Fourth Department rejected it. It found, as discussed above, that petitioner received meaningful representation under New York law. In holding that counsel provided meaningful representation, the Fourth Department did not apply Strickland in an objectively unreasonable manner. See Bell, 535 U.S. at 699. Given the otherwise overwhelming evidence against petitioner at trial, including Soliman's testimony and medical and photographic evidence of her injuries, the Court cannot find that there is a "reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland, 466 U.S. at 695.

### B. Alleged Withholding of Brady Material

In his direct appeal, petitioner argued that the prosecution withheld exculpatory Brady material. See Brady v. Maryland, 373 U.S. 83 (1963). The Fourth Department rejected this argument,

holding that it was unpreserved for review, and was, in any event, without merit. Abuhamra, 107 A.D.3d at 1631. The Fourth Department's holding that this issue was unpreserved constituted an adequate and independent state law ground precluding habeas review. "It is well-settled that an Appellate Division finding that a petitioner failed to preserve a claim for appellate review operates as a state procedural bar to federal habeas review." Milton v. Racette, 2016 WL 67800, *5 (W.D.N.Y. Jan. 5, 2016) (quoting Collado v. Lemke, 2015 WL 4139256, *5 (E.D.N.Y. July 9, 2015) (citing Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) (finding claims procedurally barred where "Appellate Division explicitly found that these claims were not preserved for appellate review, in addition to finding that they were, in any event, without merit."))). Accordingly, this claim is denied.

**VI. Conclusion**

For the foregoing reasons, the petition (doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                **S/Michael A. Telesca**

                                         HON. MICHAEL A. TELESCA
                                         United States District Judge

Dated:    February 2, 2017
           Rochester, New York.